UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,

Plaintiff

v.

$200,000,000 IN UNITED STATES CURRENCY SURRENDERED BY ALIBABA GROUP HOLDING LIMITED, ALIBABA.COM SINGAPORE E-COMMERCE PTE. LIMITED, ALIEXPRESS E-COMMERCE ONE PTE. LTD., AND ALIBABA.COM U.S. LLC;

AND

$190,000,000 IN UNITED STATES CURRENCY SURRENDERED BY AUS MERCHANT SERVICES, INC.,

Defendants *in Rem*.

Civil Action No. 1:26-cv-559

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF ACTION

1. This is a civil forfeiture action to forfeit property that constitutes or is derived from proceeds traceable to smuggling in violation of 18 U.S.C. § 545. As such, Defendants *in Rem* are subject to forfeiture under 18 U.S.C. § 981(a)(1)(C).

## DEFENDANTS *IN REM*

2. Defendant Property One, which is in the custody of the United States Marshals Service, consists of $200,000,000 in United States Currency surrendered to Plaintiff by Alibaba Group Holding Limited, Alibaba.com Singapore E-Commerce Pte.

Limited, AliExpress E-Commerce One Pte. Ltd., and Alibaba.com U.S. LLC ("Alibaba") on or about July 23, 2026.

3. Defendant Property Two, which is also in the custody of the United States Marshals Service, consists of $190,000,000 in United States Currency surrendered to Plaintiff by AUS Merchant Services, Inc. ("AUS") on or about August 7, 2026.

**JURISDICTION AND VENUE**

4. Plaintiff brings this action to forfeit and condemn Defendants *in Rem*. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court has *in rem* jurisdiction over Defendants *in Rem* under 28 U.S.C. § 1355(b).

5. Venue is proper in this district under 28 U.S.C. §§ 1355(b)(1) and 1395 because the acts or omissions giving rise to the forfeiture occurred in this district and because Defendants *in Rem* are located in this district.

**BASIS FOR FORFEITURE**

6. Defendants *in Rem* are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because they constitute proceeds traceable to, or are derived from proceeds traceable to, violations of 18 U.S.C. § 545.

**FACTS**

7. On June 29, 2026, Plaintiff and Alibaba entered into the Non-Prosecution Agreement attached hereto as **Exhibit A** and incorporated by reference herein. Pursuant to the Alibaba NPA, Alibaba admitted facts establishing that Defendant Property One is

subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and agreed to forfeit Defendant Property One.

8. As set forth in the Statement of Facts attached to the Alibaba NPA as Attachment A, attached hereto as **Exhibit B**, and incorporated by reference herein, Alibaba admitted that, from approximately January 2016 through December 2024 (the "relevant period"), third-party sellers used the Alibaba.com and AliExpress platforms ("Alibaba Platforms") to facilitate the importation of Subject Merchandise (as defined in **Exhibit A**) into the United States in violation of 18 U.S.C. § 545. Alibaba admitted that approximately 80,000 such transactions occurred during the relevant period, with a combined gross merchandise value exceeding $200,000,000. Alibaba also admitted that those funds are subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) as property constituting or derived from proceeds traceable to violations of 18 U.S.C. § 545.

9. Pursuant to the Alibaba NPA, Alibaba agreed to forfeit Defendant Property One to Plaintiff. Alibaba admitted Defendant Property One constitutes the gross merchandise value of certain transactions conducted by overseas merchants and their United States-based buyers through the Alibaba platforms in violation of 18 U.S.C. § 545. Alibaba released all claims to Defendant Property One, consented to its judicial forfeiture, and waived the notice and claim procedures set forth in 18 U.S.C. § 983.

10. On June 29, 2026, Plaintiff and AUS entered into the Non-Prosecution Agreement attached hereto as **Exhibit C** and incorporated by reference herein. As part of

that agreement, AUS admitted facts establishing that Defendant Property Two is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and agreed to its forfeiture.

11. As set forth in the Statement of Facts attached to the AUS NPA as Attachment A, attached hereto as **Exhibit D**, and incorporated by reference herein, AUS admitted that, from approximately January 2020 through December 2023, it processed payment transactions for overseas merchants who imported Subject Merchandise (as defined in **Exhibit C**) into the United States through Alibaba.com in violation of law. As such, all funds associated with those transactions constitute, or are derived from, proceeds traceable to violations of 18 U.S.C. § 545.

12. Pursuant to the AUS NPA, AUS acknowledged Defendant Property Two is subject to civil forfeiture because of overseas merchants' and their United States-based buyers' violations of federal law which were transacted through Alibaba.com. AUS released all claims to Defendant Property Two, consented to its judicial forfeiture, and waived the notice and claim procedures set forth in 18 U.S.C. § 983.

13. WHEREFORE Plaintiff prays that:

(a) An Arrest Warrant *in Rem*, in the form submitted herewith, be issued to the United States Marshals Service and/or any other duly authorized federal law enforcement officer, commanding them to retain custody of Defendants *in Rem*;

(b) due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed;

(c) judgment declare that Defendants *in Rem* be condemned and forfeited to Plaintiff for disposition according to law; and

(d) Plaintiff be granted such other and further relief that this Court may deem just and equitable.

Dated: August 12, 2026

Respectfully submitted,

UNITED STATES OF AMERICA,
By its Attorneys,

TODD BLANCHE
Attorney General

CHARLES C. CALENDA
First Assistant United States Attorney

*s/Dulce Donovan*
Dulce Donovan
Julianne Klein
Assistant United States Attorneys
One Financial Plaza, 17th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5001 (Fax)
dulce.donovan@usdoj.gov

*s/Colin W. Trundle*
Colin W. Trundle
Cadesby B. Cooper
Trial Attorneys
U.S. Department of Justice
Enforcement & Affirmative Litigation
Branch
450 5th Street, NW, Suite 6400-S
Washington, DC 20044-0386
(202) 742-7112
(202) 616-8962 (Fax)
colin.trundle@usdoj.gov

*s/Rachel N. Agress*
Rachel N. Agress
Elysa Q. Wan
Trial Attorneys
U.S. Department of Justice
Money Laundering, Narcotics and
Forfeiture Section
1400 New York Avenue, NW
Washington, DC 20005
(202) 616-0448
rachel.agress@usdoj.gov

# VERIFICATION

I, Daniel Zotto, hereby verify and declare under penalty of perjury that I am a Special Agent with the U.S. Food and Drug Administration ("FDA"), Office of Criminal Investigations, that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the factual matters contained in the complaint are true to my own knowledge and belief.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

DANIEL ZOTTO
Special Agent
U.S. Food and Drug Administration
Office of Criminal Investigations

Dated: August 12, 2026