# Exhibit A

## Alibaba Non-Prosecution Agreement

**United States Department of Justice**
*United States Attorney's Office*
*District of Rhode Island*

One Financial Plaza, 17th Floor
Providence, Rhode Island 02903

---

June 29, 2026

Samuel G. Williamson, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
2601 South Bayshore Dr, Ste 1550
Miami, FL 33133
***Counsel for Alibaba Group Holding Limited, Alibaba.com Singapore E-Commerce Pte. Limited, AliExpress E-Commerce One Pte. Ltd., and Alibaba.com U.S. LLC***

**Re: Alibaba.com U.S. LLC et al. Non-Prosecution Agreement**

Dear Counsel:

The Government and Alibaba enter into this Non-Prosecution Agreement ("Agreement") for misdemeanor violations of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301, *et seq.* The Government agrees not to prosecute Alibaba during the term of this Agreement or thereafter for any violation related to the conduct described in the Statement of Facts, attached hereto as **Attachment A**. The Parties agree to certain terms and obligations as set forth below.

## A. Definitions

1. In this Agreement, the following terms shall have the meanings provided below. Capitalized terms used but not defined in this Section have the meanings given elsewhere in this Agreement.

   a. **"Alibaba"** means Alibaba Group Holding Limited (an exempted company incorporated in the Cayman Islands with limited liability on June 28, 1999, the ADSs of which are listed on the New York Stock Exchange) and all of its subsidiaries and their officers, directors, employees, and agents acting within the scope of their employment and agency relationships with Alibaba Group Holding Limited, including Alibaba.com Singapore E-Commerce Pte. Limited, AliExpress E-Commerce One Pte. Ltd., Alibaba Group (U.S.) Inc., and Alibaba.com U.S. LLC, and includes the Alibaba Platforms, as defined in this Section.

   b. **"Alibaba Platforms"** mean ICBU and AliExpress, i.e., the business units that operate Alibaba's cross border international business-to-business (ICBU) which operates Alibaba.com and business-to-consumer (AliExpress) e-commerce platforms, respectively.

c. **"AliExpress"** means the business unit within Alibaba that operates the AliExpress cross-border international business-to-consumer e-commerce platform, including the legal entities that house this unit Alibaba.com Singapore E-Commerce Pte. Ltd. and AliExpress E-Commerce One Pte. Ltd.

d. **"Business Day"** means any day other than a Saturday, Sunday, or legal public holiday in the United States (as defined by 5 U.S.C. § 6103(a)).

e. **"Drug, Device, and Importation Laws"** mean the following statutes: (a) the FDCA (21 U.S.C. § 301 *et seq.*); (b) the Controlled Substances Act ("CSA") (21 U.S.C. § 801 *et seq*.); and (c) Smuggling (18 U.S.C. § 545).

f. **"Government"** means the United States Department of Justice, including the United States Attorney's Office for the District of Rhode Island, the United States Department of Justice's Enforcement & Affirmative Litigation Branch, and the United States Department of Justice's Money Laundering, Narcotics and Forfeiture Section.

g. **"ICBU"** means Alibaba's International Commerce Business Unit, which is the business unit within Alibaba that operates Alibaba.com, the international business-to-business platform, including the legal entities that house this unit, Alibaba.com Singapore E-Commerce Pte. Limited, Alibaba.com U.S. LLC, and Alibaba.com U.S. e-Commerce Corp.

h. **"Parties"** means the Government and Alibaba.

i. **"Subject Merchandise"** means drugs (as defined in 21 U.S.C. § 321(g)), devices (as defined in 21 U.S.C. § 321(h)), equipment used to manufacture counterfeit drugs (including tableting and encapsulating machines, punches, dies, plates, stones, and other things referenced in 21 U.S.C. §§ 331(i)(2) and 843(a)(5)-(7)), controlled substances (as defined in 21 U.S.C. § 802(6)), listed chemicals or chemical mixtures (as defined in 21 U.S.C. §§ 802(33) and (40)), anabolic steroids (as defined in 21 U.S.C. § 802(41)(A) and (C)), and other items regulated by the CSA (21 U.S.C. § 801 *et seq*.), the FDCA (21 U.S.C. § 301 *et seq.*), and any other product whose importation into the United States is prohibited under federal law and where such importation would constitute a felony.

**B. <u>Acceptance of Responsibility</u>**

2. The Alibaba Platforms admit, accept, and acknowledge that they are responsible under United States law for the acts of their officers, directors, employees, and agents as set forth in the Statement of Facts provided in **Attachment A** and incorporated by reference into this Agreement. Alibaba admits the facts described in **Attachment A** are true and accurate.

3. In any prosecution or proceeding against Alibaba, the Statement of Facts shall be admissible as: (a) substantive evidence offered by the Government in its case-in-chief and rebuttal

case; (b) impeachment evidence offered by the Government on cross-examination; and (c) evidence at any sentencing hearing or other hearing. Additionally, Alibaba shall not assert any claim that the Statement of Facts should be suppressed or is otherwise inadmissible as evidence in any form under the United States Constitution, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, Section 1B1.1(a) of the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines"), or any other federal rule.

## C. Term of the Agreement

4. Alibaba's obligations under this Agreement shall have a term of three years from the date on which the Agreement is executed (the "Term"). Alibaba agrees, however, that in the event the Government determines, in its sole discretion, acting reasonably, that Alibaba has knowingly and materially violated any provision of this Agreement, or has failed to completely perform or fulfill its material obligations under this Agreement, an extension or extensions of the Term may be imposed by the Government, in its sole discretion, for up to a total aggregate additional time period of one year, without prejudice to the Government's rights to proceed as provided in the below breach provisions of this Agreement. Any extension of the Agreement extends all terms of this Agreement, including the terms of the reporting requirement for the Alibaba Platforms in **Attachment D** and any tolling periods for any applicable statutes of limitation, for an equivalent period. The Government will provide Alibaba with written notice specifying the alleged violation in reasonable detail no fewer than thirty (30) calendar days before any extension is imposed, and Alibaba will have thirty (30) calendar days following receipt of such written notice (the "**Extension Cure Period**") to respond to the Government in writing to explain the nature and circumstances of such breach, as well as the actions the Alibaba Platforms have taken to address and remediate the situation, which explanation the Government shall consider in determining whether to extend the Term. The Government shall provide Alibaba with a written determination specifying the violation upon which the extension is based and the duration of the extension to be imposed.

## D. Relevant Considerations

5. The Government enters into this Agreement based on the individual facts and circumstances of this case, including those presented by Alibaba. These facts and circumstances include, but are not limited to, the following:

a. The seriousness of the conduct described in the Statement of Facts, which involved advertisements and sales related to Subject Merchandise;

b. Alibaba's lack of voluntary disclosure credit based on their failure to timely and voluntarily disclose to the Government the conduct described in the Statement of Facts; The Alibaba Platforms' compliance failures that contributed to the offense conduct, including material compliance failures that occurred after the Alibaba Platforms implemented remedial measures;

c. Credit for the Alibaba's cooperation with the Government's investigation, which included:

i. investigating facts and obtaining information as requested by the Government, which allowed the Government to preserve and obtain evidence as part of their own independent investigation;

ii. at the Government's request, collecting, organizing, and producing voluminous documents in ways that did not implicate foreign data privacy laws;

iii. assisting in making employees available to be interviewed;

iv. creating and producing to the Government certain information from the databases of the Alibaba Platforms regarding relevant e-commerce sales of Subject Merchandise to U.S. customers in ways that did not implicate foreign data privacy laws;

v. making factual presentations to the Government on a wide variety of topics; and

vi. providing separate counsel to witnesses to facilitate the Government's investigation, where appropriate.

d. The Alibaba Platforms' good-faith efforts to implement and refine compliance measures designed to detect and prevent violations of the statutes, terminating business relationships with companies and persons known to have been involved in the conduct described in the Statement of Facts; terminating third-party sellers' abilities to use the Alibaba Platforms services to unlawfully advertise, sell, import or export, distribute, or smuggle Subject Merchandise; closing categories associated with high risk transactions; making investments in staffing and resources for its legal and compliance teams, including engaging third-party vendors to assist with daily monitoring; updating policies, procedures, and supervisory structures with an emphasis on preventing and detecting the unlawful advertisement, sale, import or export, distribution, and smuggling of Subject Merchandise; and expanding employee training;

e. The Alibaba Platforms' agreements to enhance their corporate compliance programs and internal controls by adopting the minimum elements of a corporate compliance program provided in **Attachment C**;

f. The Alibaba Platforms' agreement to continue to cooperate with the Government as described in Section E;

g. Alibaba's lack of prior criminal history;

h. Accordingly, after considering (a) through (g) above, the Government has determined that the appropriate resolution in this case is this Agreement with Alibaba, with a monetary penalty of $125,000,000 ("**Monetary Penalty**") for a

misdemeanor violation of the Food, Drugs, and Cosmetics Act and a civil forfeiture of $200,000,000 ("**Forfeiture Amount**") assessed against Alibaba.

**E. <u>Cooperation Requirements</u>**

6. The Alibaba Platforms shall fully cooperate with the Government on any matter that relates to: (1) the conduct described in this Agreement and the Statement of Facts and any individual or entity referred to therein, as well as any other related conduct under investigation by the Government in connection with Subject Merchandise at any time during the Term, until the later of the date upon which all investigations and prosecutions arising out of such conduct are concluded, or the end of the Term; (2) the advertisement, sale, import, export, distribution, or smuggling of Subject Merchandise into the United States transacted through the Alibaba Platforms that facilitate the advertisement, sale, import, export, distribution, or smuggling of Subject Merchandise into the United States; and (3) possible violations of Drug, Device, and Importation Laws by third-party sellers and U.S.-based buyers who use the Alibaba Platforms or any other e-commerce platforms owned or controlled by Alibaba. The Alibaba Platforms' obligation to cooperate with the Government under this Section shall end on the date that the investigations and prosecutions of all such matters conclude or the date that the Term ends, whichever date is later.

7. The Alibaba Platforms' cooperation pursuant to this Section is subject to applicable law and regulations, including valid claims of federal attorney-client privilege and attorney work-product doctrine. If the Alibaba Platforms withhold information based on the assertion of any such law, regulation, or privilege, the entity shall provide the Government with a log that describes the withheld information and the foundation of the law, regulation or privilege within thirty (30) Business Days of making their determination to withhold the information; cooperation and disclosure obligations under this Section include, but are not limited to, the following:

a. Each Alibaba Platform shall designate one or more agents to accept and process the Government's requests for cooperation within fifteen (15) Business Days of signing this Agreement. Each Alibaba Platform shall accept the Government's requests for cooperation via email through one or more dedicated email addresses.

b. Within fifteen (15) Business Days of receiving a request for cooperation, the requested Alibaba Platform shall conduct a diligent search for, and inform the Government whether it has identified, responsive information. If the entity identifies responsive information, the entity shall provide the Government with an estimated timeframe within which it expects to produce the information. Unless otherwise agreed to by the Government, this timeframe shall not exceed sixty (60) calendar days from the date that the entity receives the Government's request.

c. The Alibaba Platforms shall report within thirty (30) calendar days to the Government any evidence or allegation of a violation of federal law in connection with Subject Merchandise that the Alibaba Platforms learns was committed by the Alibaba Platforms' users of their e-commerce services in the United States, including buyers and sellers.

d. The Alibaba Platforms shall provide complete, truthful, and accurate information to the Government.

e. In its sole discretion, the Government may share any information, testimony, documents, records, or other tangible evidence that the Alibaba Platforms provide to the Government with any federal, state, or foreign government authority.

**F. <u>Monetary Penalty</u>**

8. Alibaba agrees that the Monetary Penalty in the amount of one hundred and twenty-five million dollars ("$125,000,000" or "$125 million") is appropriate given the facts and circumstances of this case, including the Relevant Considerations described in Section D. Alibaba agrees to pay the Monetary Penalty of $125 million to the U.S. Treasury no later than thirty (30) Business Days after the Effective Date of this Agreement in accordance with payment instructions provided by the Government in its sole discretion.

9. Alibaba's payment of the Monetary Penalty is final and shall not be refunded. Furthermore, nothing in this Agreement shall be deemed an agreement by the Government that the Monetary Penalty is the maximum penalty that may be imposed in any future prosecution, and the Government is not precluded from arguing in any future prosecution that a court should impose a higher fine, although the Government agrees that under those circumstances, the Government will recommend to a court that the Monetary Penalty paid by Alibaba pursuant to this Agreement be applied toward any fine that a court might impose as part of its judgment against Alibaba. Alibaba acknowledges that such a recommendation will not be binding in any court.

10. Alibaba acknowledges that no U.S. tax deduction may be sought in connection with the payment of any part of the Monetary Penalty. Alibaba shall not seek or accept directly or indirectly reimbursement or indemnification from any source with regard to the Monetary Penalty amount that Alibaba pays pursuant to this Agreement.

**G. <u>Civil Forfeiture</u>**

11. Alibaba admits that money and/or property is subject to civil forfeiture because of third-party transactions on Alibaba Platforms that violated Drug, Device, and Importation Laws. Pursuant to Title 18, U.S. Code, Section 981(a)(1)(C), Alibaba consents to civil forfeiture in the Forfeiture Amount of two hundred million dollars ($200,000,000 or "$200 million"). Alibaba agrees that this Forfeiture Amount constitutes gross merchandise value of certain transactions conducted by third-party sellers on Alibaba Platforms in violation of Title 18, United States Code, Section 545.

12. Alibaba shall pay the Forfeiture Amount, plus any associated transfer fees, no later than thirty (30) Business Days after the Effective Date of this Agreement in accordance with payment instructions provided by the Government in its sole discretion. Alibaba hereby releases any and all claims that it may have to the Forfeiture Amount and agree that the forfeiture of such funds may be accomplished either administratively or judicially at the Government's election, and waive the requirements of any applicable laws, rules, or regulations governing the forfeiture of

assets, including those requiring notice of forfeiture. If the Government seeks to forfeit the Forfeiture Amount judicially, Alibaba waives all requirements pertaining to forfeiture set forth in Title 18, U.S. Code, Section 983, including the filing of a civil forfeiture complaint as to its Forfeiture Amount and notice of the same, and consents to entry of an order of forfeiture directed to such funds. If the Government seeks to forfeit the Forfeiture Amount administratively, Alibaba consents to the entry of a declaration of forfeiture and waive the requirements of Title 18, U.S. Code, Section 983 regarding notice of seizure in non-judicial forfeiture matters.

13. Alibaba agrees to sign any additional documents necessary to complete forfeiture of the Forfeiture Amount. Alibaba also agrees that they shall not file any petitions for remission, restoration, or any other assertion of ownership or request for return relating to the Forfeiture Amount, or any other action or motion seeking to collaterally attack the seizure, restraint, forfeiture, or conveyance of the Forfeiture Amount, nor shall it assist any others in filing any such claims, petitions, actions, or motions.

14. Alibaba's payment of the Forfeiture Amount is final and shall not be refunded. Furthermore, nothing in this Agreement shall be deemed an agreement by the Government that the Forfeiture Amount surrendered by Alibaba is the maximum forfeiture that may be imposed in any future prosecution, and the Government is not precluded from arguing in any future prosecution that a court should impose a higher criminal forfeiture amount or substitute money judgment in a criminal proceeding, although the Government agrees that under those circumstances, the Government will recommend to a court that the Forfeiture Amount paid by Alibaba pursuant to this Agreement be applied toward any criminal forfeiture or substitute money judgment that a court might impose as part of its judgment. Alibaba acknowledges that such a recommendation will not be binding on any court.

15. Alibaba agrees that they shall not claim, assert, or apply for, either directly or indirectly, any tax deduction, tax credit, or any other offset with regard to any U.S. federal, state, or local tax or taxable income in connection with the payment of any part of the Forfeiture Amount. Alibaba shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source with regard to the Forfeiture Amount that Alibaba pays pursuant to the Agreement.

**H. <u>Conditional Release from Liability</u>**

16. Except as otherwise provided in this Agreement, the Government agrees that it will not bring any criminal or civil case against Alibaba relating to (i) any of the conduct described in the Statement of Facts of this Agreement, (ii) any of the information disclosed by Alibaba to the Government as part of this investigation prior to executing this Agreement, or (iii) any information known by the Government prior to the execution of this Agreement that relates to the conduct described in the Statement of Facts to this Agreement. However, the Government may use any information related to the conduct described in the Statement of Facts against Alibaba: (a) in a prosecution for perjury or obstruction of justice; (b) in a prosecution for making a false statement; or (c) in a prosecution or other proceeding relating to a violation of any provision of Title 26 of the United States Code. Nothing herein shall preclude Alibaba from presenting this Agreement, and the Government's agreement herein, to any other law enforcement, regulatory, or government authority as evidence of cooperation with, and resolution of claims by, the Government with

respect to the conduct described herein.

17. This Agreement does not provide any protection against prosecution for any future conduct by Alibaba. In addition, this Agreement does not provide any protection against prosecution of any individuals, regardless of their affiliation with Alibaba.

### I. <u>Corporate Compliance Program</u>

18. The Alibaba Platforms shall implement (or continue to the extent already implemented) a corporate compliance program that meets the minimum elements and standards provided in **Attachment C**. The Alibaba Platforms' corporate compliance program shall be designed to prevent and detect violations of Drug, Device, and Importation Laws involving Subject Merchandise. The Compliance Program shall cover the operations of the Alibaba Platforms' employees, contractors, and subcontractors whose responsibilities relate to the (a) advertisement, sale, import, export or distribution of Subject Merchandise; (b) review and moderation of product listings related to Subject Merchandise; and (c) review and moderation of licenses of buyers and sellers of Subject Merchandise who use the Alibaba Platforms' online services. No later than thirty (30) calendar days after the Term expires, each of the Alibaba Platforms, by their respective Chief Executive Officers and Chief Compliance Officers, will certify to the Government, in the form of executing the document attached as Attachment E to this Agreement, that each Alibaba Platform has met its compliance obligations pursuant to this Agreement. Such certification will be deemed a material statement and representation by the Alibaba Platform to the executive branch of the United States for purposes of 18 U.S.C. §§ 1001 and 1519.

19. The Alibaba Platforms will periodically review their corporate compliance programs and correct any deficiencies in the programs' internal controls, policies, and procedures that prevent the programs from effectively detecting and deterring violations of Drug, Device, and Importation Laws through the purchase or sale of Subject Merchandise through their online platforms.

### J. <u>Compliance Monitoring</u>

20. For the purpose of assessing or determining compliance with this Agreement, the Government may, upon written notice to the Alibaba Platforms:

a. require the Alibaba Platforms to submit written reports, certifications, or other information relating to compliance with any provision of this Agreement;

b. interview, under oath or otherwise, officers, employees, or agents of the Alibaba Platforms who may have relevant knowledge; and

c. require the Alibaba Platforms to produce documents, communications, data, and other information in their possession, custody, or control relating to compliance with any provision of this Agreement, subject to applicable laws and regulations, as well as valid claims of federal attorney-client privilege and attorney work-product doctrine.

21. The Alibaba Platforms shall designate one or more agents of the Alibaba Platforms to accept and process the Government's requests related to compliance monitoring within seven (7) Business Days of signing this Agreement. The Alibaba Platforms shall accept the Government's requests for compliance monitoring information via email through one or more dedicated email addresses maintained by each company. The Alibaba Platforms shall comply with the Government's compliance monitoring requests within thirty (30) calendar days of receiving the Government's written notice. In its sole discretion, the Government may grant extensions of time for the Alibaba Platforms to comply with the Government's requests for compliance monitoring information.

**K. <u>Non-Prosecution</u>**

22. The Government agrees that if Alibaba complies with its obligations under this Agreement, (a) the Government will not bring any criminal case or other enforcement action against Alibaba, or any of its present or former subsidiaries or affiliates relating to any of the conduct described in the Statement of Facts, and (b) at the conclusion of the Term, this Agreement shall expire. In assessing Alibaba's compliance, the Government shall consider the totality of Alibaba's conduct under this Agreement and shall not declare a failure to comply based solely on minor or promptly cured technical violations, which shall be determined at the Government's discretion, acting reasonably. To the extent there is conduct disclosed by Alibaba that is not set forth in this Agreement, such conduct shall not be exempt from further prosecution and is outside the scope of this Agreement. Alibaba expressly acknowledges and agrees that this Agreement does not preclude the filing of a case arising from conduct that is not described in this Agreement and the Statement of Facts.

**L. <u>Breach of the Agreement</u>**

23. If, during the Term, either of the Alibaba Platforms (a) commits a felony under United States law; (b) knowingly provides in connection with this Agreement materially false, incomplete, or misleading information, including in connection with the disclosure of information about individual culpability; (c) knowingly and materially fails to cooperate as provided in Section E of this Agreement; (d) knowingly fails to implement compliance programs in all material respects as provided in Section I of this Agreement and **Attachment C**; or (e) otherwise knowingly and materially fails to perform or fulfill any term or condition of this Agreement, the relevant Alibaba Platform shall be in breach, and thereafter be subject to prosecution for violations of applicable federal law, including, but not limited to, for conduct described in the Attached Statement of Facts, regardless of whether the Government obtains knowledge of the breach after the Term expires if the breach occurred during the Term of the Agreement. The notice-of-breach and cure provisions set forth in Paragraphs 26 through 28 shall apply to any such post-Term breach determination.

24. Any prosecution resulting from a knowing and material breach of this Agreement, as defined in Section L, Paragraph 23, may be pursued by the Government in the United States District Court for the District of Rhode Island or any other appropriate venue. As to the conduct described in the Statement of Facts, Alibaba knowingly waives any constitutional or statutory right

to venue and to presentment to or indictment by a grand jury for felony crimes, and consents to the filing of an information or complaint for said crimes. Determination of whether Alibaba has breached this Agreement and whether to pursue prosecution shall be in the Government's sole discretion, acting reasonably, after good-faith consideration of any written response submitted by Alibaba pursuant to Paragraph 26. Any such prosecution may be premised on information provided by Alibaba.

25. Any prosecution relating to the conduct described in this Agreement or relating to conduct of the Alibaba Platforms in connection with a violation of the Drug, Device, and Importation Laws known to the Government prior to the date on which this Agreement was signed that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against Alibaba notwithstanding the expiration of the statute of limitations, for the period between the signing of this Agreement and the expiration of the Term plus six months. Thus, by signing this Agreement, Alibaba agrees that the statute of limitations with respect to any such prosecution against Alibaba that is not time-barred on the date of the signing of this Agreement shall be tolled for the Term plus six months. In addition, Alibaba agrees to toll the running of the statute of limitations as to any violation of Drug, Device, and Importation Laws that occurs during the Term for one year from the date upon which the violation occurs, and that this period shall be excluded from any calculation of time for purposes of the application of any applicable statute of limitations.

26. In the event the Government determines that Alibaba has breached this Agreement, as defined in this Section L, the Government agrees to provide the entity with written notice of such breach prior to instituting any prosecution resulting from such breach. Written notice of breach shall include: (a) the provision breached; (b) the approximate date of the breach; and (c) a description of the breach sufficient to permit the respective company to cure. Within thirty (30) calendar days of receipt of such notice, the entity shall have the opportunity to respond to the Government in writing to explain the nature and circumstances of such breach, as well as the actions the entity has taken to address and remediate the breach, which explanation the Government shall consider in determining whether to pursue prosecution of Alibaba.

27. In the event that the Government determines that Alibaba has knowingly and materially breached this Agreement, as defined in Section L, Paragraph 23: (a) all statements made by or on behalf of Alibaba to the Government, including the Statement of Facts, and any testimony given by Alibaba before a grand jury, a court, or any tribunal, or at any legislative hearings, whether prior or subsequent to this Agreement, and any leads derived from such statements or testimony, shall be admissible in evidence in any and all criminal proceedings brought by the Government against Alibaba; and (b) Alibaba shall not assert any claim under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, Section 1B1.1(a) of the USSG, or any other federal rule that any such statements or testimony made by or on behalf of Alibaba prior or subsequent to this Agreement, or any leads derived therefrom, should be suppressed or are otherwise inadmissible. The decision whether conduct or statements of any current officer, director, or employee, or any person acting on behalf of, or at the direction of, the relevant Alibaba Platform, will be imputed to the relevant Alibaba Platform for the purpose of determining whether that entity has deliberately violated any provision

of this Agreement as defined in Section L, Paragraph 23, and shall be in the sole discretion of the Government, acting reasonably.

28. It is further understood that within thirty (30) calendar days after receiving a notice of breach, or to such longer period as the Government may agree in writing, Alibaba may cure the breach to the Government's reasonable satisfaction ("**Cure Period**").

29. Alibaba acknowledges that the Government has made no representations, assurances, or promises concerning what sentence may be imposed by the Court if any entity breaches this Agreement and this matter proceeds to judgment. Alibaba further acknowledges that any such sentence is solely within the discretion of the Court and that nothing in this Agreement binds or restricts the Court in the exercise of such discretion.

30. On the date that the period of non-prosecution specified in this Agreement expires, each of the Alibaba Platforms, by their respective Chief Executive Officers and the Chief Financial Officers, shall submit their respective certifications set forth in **Attachment D** and certify to the Government that they have met their obligations pursuant to this Agreement. Each certification will be deemed a material statement and representation by the Alibaba Platforms in a matter within the jurisdiction of the executive branch of the United States for purposes of Title 18, United States Code, Sections 1001 and 1519, and it will be deemed to have been made in the District of Rhode Island.

**M. Applicability**

31. Except as may otherwise be agreed by the Government and Alibaba, in connection with a particular transaction, Alibaba agrees that in the event that, during the Term, they undertake any change in corporate form that directly involves Alibaba Platforms, including if Alibaba sells, merges, or transfers business operations that are material to Alibaba Platforms' operations, or to the operations of any of Alibaba's subsidiaries or affiliates involved in the conduct described in the Statement of Facts, as they exist as of the date of this Agreement, whether such sale is structured as a sale, asset sale, merger, transfer, or other change in corporate form, Alibaba shall include in any contract for sale, merger, transfer, or other change in corporate form a provision binding the purchaser, or any successor in interest thereto, to the obligations described in this Agreement.

32. The purchaser or successor in interest must also agree in writing that the Government's ability to declare breach under this Agreement is applicable in full force as to that entity. Alibaba agrees that the failure to include these provisions in their transactions will make any such transactions null and void. Alibaba shall provide notice to the Government at least thirty (30) calendar days prior to undertaking any such sale, merger, transfer, or other change in corporate form. The Government shall notify Alibaba within fifteen (15) calendar days if it determines that the transaction(s) will have the effect of circumventing or frustrating the enforcement purposes of this Agreement. If, at any time during the Term, Alibaba engages in a transaction that has the effect of circumventing or frustrating the enforcement purposes of this Agreement, the Government may deem it a breach of this Agreement pursuant to Section K of this Agreement. Nothing in this Agreement shall restrict Alibaba from indemnifying (or otherwise holding harmless) the purchaser

or successor in interest for penalties or other costs arising from any conduct that may have occurred prior to the date of the transaction, so long as such indemnification does not have the effect of circumventing or frustrating the enforcement purposes of this Agreement, as determined by the Government, acting reasonably.

**N. Public Statements by Alibaba**

33. Alibaba shall not, through present or future attorneys, officers, directors, employees, agents, or any other person authorized to speak for Alibaba, make any public statement, contradicting in whole or in part the acceptance of responsibility by the Alibaba Platforms as set forth in this Agreement. Any such contradictory statement shall, subject to the cure rights of the Alibaba Platforms described in this paragraph, constitute a breach of this Agreement, and the relevant Alibaba Platform thereafter shall be subject to prosecution as set forth in this Agreement. The decision whether any public statement by any such person contradicting a fact contained in this Agreement will be imputed to the respective Alibaba Platform for the purpose of determining whether it has breached this Agreement shall be in the sole discretion of the Government, acting reasonably.

34. If the Government determines that a public statement by any such person contradicts in whole or in part a statement contained in the Statement of Facts, the Government shall notify Alibaba, and Alibaba may avoid a breach of this Agreement by publicly repudiating such statement(s) within ten (10) Business Days after notification. Alibaba shall be permitted to raise defenses and to assert affirmative claims in other proceedings relating to the matters set forth in this Agreement provided that such defenses and claims do not contradict, in whole or in part, a statement contained in this Agreement. This paragraph does not apply to any statement made by any present or former officer, director, employee, or agent of Alibaba in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of Alibaba. Any determination by the Government, acting reasonably, that a public statement constitutes a breach of this Agreement shall be subject to the 30-day written notice and opportunity to respond procedure set forth in Paragraph 26 before any prosecution may be initiated.

35. If Alibaba issues a press release or holds any press conference in connection with this Agreement, Alibaba shall first consult with the Government to determine: (a) whether the text of the release or proposed statements at the press conference are true and accurate with respect to matters between the Government and Alibaba; and (b) whether the Government has any objection to the release.

36. The Government agrees, if requested to do so, to bring to the attention of law enforcement and regulatory authorities the facts and circumstances relating to the nature of the conduct underlying this Agreement, including the nature and quality of the Alibaba Platforms' cooperation and remediation. By agreeing to provide this information to such authorities, the Government does not agree to advocate on behalf of Alibaba. Instead, the Government only agrees to provide facts to be evaluated independently by such authorities.

**O. Limitations on Binding Effect of Agreement**

37. This Agreement is binding on Alibaba, the United States Department of Justice, including the United States Attorney's Office for the District of Rhode Island, the United States Department of Justice's Enforcement & Affirmative Litigation Branch, and the United States Department of Justice's Money Laundering, Narcotics and Forfeiture Section. It does not bind any other federal agencies, or any state, local, or foreign law enforcement or regulatory agencies. The Government shall bring the cooperation of Alibaba and its compliance with its obligations under this Agreement to the attention of such agencies and authorities if requested to do so by Alibaba.

**P. Notice**

38. Any notice to the Government under this Agreement shall be given by personal delivery, overnight delivery by a recognized delivery service, or registered or certified mail, addressed to:

Chief, Criminal Division
U.S. Attorney's Office, District of Rhode Island
One Financial Plaza, 17th Floor
Providence, RI 02903

Director, Enforcement & Affirmative Litigation Branch, Civil Division
U.S. Department of Justice
450 5th Street NW, Room 6400 South
Washington, DC 20530

Chief, Bank Integrity Unit
Money Laundering, Narcotics and Forfeiture Section, Criminal Division
U.S. Department of Justice
1400 New York Avenue NW
Washington DC 20005

39. Any notice to Alibaba under this Agreement shall be given by personal delivery, overnight delivery by a recognized delivery service, or registered or certified mail, addressed to:

Alibaba Group Holding Ltd.
26/F Tower One, Times Square
1 Matheson Street
Causeway Bay, Hong Kong
Attention: Legal Department

Alibaba.com U.S. LLC
525 Alamnor Ave, Suite 400
Sunnyvale, CA 94085
Attention: Chief Compliance Officer

With a copy to:

Quinn Emanuel Urquhart & Sullivan LLP
2601 South Bayshore Dr, Ste 1550
Miami, FL 33133
Attention: Samuel G. Williamson

40. Notice shall be effective upon actual receipt by the Government or Alibaba. Notice shall also be given by email to any email addresses designated by the Government or Alibaba.

**Q. Complete Agreement**

**41.** The Government and Alibaba acknowledge that each party has had a full opportunity to negotiate the terms of this Agreement. The rule of construction that interprets contracts against the drafter, therefore, shall not apply to this Agreement. This Agreement, including its attachments, sets forth all the terms of the Agreement between Alibaba and the Government. No amendments, modifications, or additions to this Agreement shall be valid unless they are in writing and signed by the Government, the attorneys for Alibaba, and a duly authorized representative of Alibaba. The following documents are attached to and incorporated into this Agreement:

**Attachment A**: The Alibaba Statement of Facts

**Attachment B**: The Alibaba Certificate of Corporate Resolutions

**Attachment C**: The Alibaba Corporate Compliance Program

**Attachment D**: The Alibaba Disclosure Certification

**Attachment E**: The Alibaba Compliance Certification

**AGREED AND CONSENTED TO:**

***The United States of America***

CHARLES C. CALENDA
First Assistant United States Attorney

Date: 6/29/2026 By: [signature]
Dulce Donovan
Executive Assistant U.S. Attorney

Date: 6/29/2026 By: Julianne Klein
Julianne Klein
Assistant U.S. Attorney

LISA K. HSIAO
Director
Enforcement and Affirmative Litigation Branch,
Civil Division

Date: 6/29/2026 By: ______________________
Patrick R. Runkle
Assistant Director

Date: 6/29/2026 By: ______________________
Colin W. Trundle
Trial Attorney

Date: 6/29/2026 By: ______________________
Cadesby B. Cooper
Trial Attorney

MARGARET A. MOESER
Chief
Money Laundering, Narcotics and Forfeiture
Section, Criminal Division

Date: 6/29/2026 By: ______________________
Rachel N. Agress
Trial Attorney

Date: 6/29/2026 By: ______________________
Elysa Wan
Trial Attorney

**AGREED AND CONSENTED TO:**

***Alibaba Group Holding Limited and Alibaba.com Singapore E-Commerce Pte. Ltd.***

Date: June 29, 2026 By: ______________________

Siying Yu
Authorized Officer and General Counsel
Alibaba Group Holding Limited

Date: June 29, 2026 By: ______________________

Albert Liu
General Counsel
Alibaba.com Singapore E-Commerce Pte. Ltd.

Date: June 29, 2026 By: ______________________

Samuel G. Williamson
Quinn Emanuel Urquhart & Sullivan, LLP
Counsel for Alibaba Group Holding Limited and Alibaba.com Singapore E-Commerce Pte. Ltd.