# <u>Exhibit B</u>

## Alibaba Statement of Facts

**ATTACHMENT A**
**STATEMENT OF FACTS**

The following Statement of Facts is incorporated by reference as part of the Non-Prosecution Agreement (the "Agreement") between the Government and Alibaba (as defined in the Agreement). Alibaba agrees and stipulates that the following information is true and accurate. The Alibaba Platforms admit, accept, and acknowledge that they are responsible for the acts of their officers, directors, employees, and agents as set forth below. Should the Government later pursue the prosecution that is covered by this Agreement, Alibaba agrees that it will neither contest the admissibility of, nor contradict, this Statement of Facts in any such proceeding. The following facts describe events that occurred between approximately January 2016 and December 2024 (the "Relevant Period").

1. During the Relevant Period, Alibaba Group (U.S.) Inc., and Alibaba.com US LLC were Delaware companies with a principal place of business at 400 South El Camino Real, Suite 400, San Mateo, California 94402. Alibaba Group (U.S.) Inc. and Alibaba.com US LLC were subsidiaries of Alibaba Group Holding Limited. Alibaba.com Singapore E-Commerce Pte. Limited and AliExpress E-Commerce One Pte. Limited were Singapore based subsidiaries of Alibaba Group Holding Limited. Alibaba Group Holding Limited was founded in 1999 in China and was listed on the New York Stock Exchange in 2014. Alibaba Group Holding Limited was organized and existed under the laws of the Cayman Islands, with its principal executive offices at 969 West Wen Yi Road, Yu Hang District, Hangzhou 31 112l, China.

2. Alibaba.com was a global business-to-business ("B2B") e-commerce platform that connected buyers and sellers from around the world on a single platform, which facilitated wholesale distribution of a wide range of goods. The International Commerce Business Unit ("ICBU") was the business arm managed by Alibaba.com Singapore E-Commerce Pte. Limited, which managed Alibaba.com, including within the United States. A separate business unit within Alibaba Group Holding Limited, AliExpress, was a global business-to-customer ("B2C") e-commerce platform, which facilitated sales of a wide range of goods from sellers to individual customers. AliExpress was operated by Alibaba.com Singapore E-Commerce Pte. Limited and AliExpress E-Commerce One Pte. Limited. The B2B and B2C services were offered through the web domains Alibaba.com and AliExpress.com, respectively. During the Relevant Period, there were at any given time more than 200 million product listings available on Alibaba.com and over 50 billion product sales occurred on a yearly basis.

3. ICBU was not an importer of record in connection with the transactions that are the subject of this resolution, nor did it take physical possession of goods. Instead, ICBU operated the Alibaba.com marketplace which linked third-party buyers and sellers to transact the sale of goods. During the Relevant Period, ICBU offered services to independent third-party sellers that were intended to enhance sales and facilitate transactions with buyers on Alibaba.com. These services included "Gold" and "Verified" supplier membership programs that promoted independent third-party sellers' products. Through April 2021, ICBU also offered a payment service on Alibaba.com called "trade assurance." Through this payment service, ICBU processed payments linked to e-commerce orders.

4. During the relevant period, ICBU had policies which governed what products could be sold on Alibaba.com. Sellers agreed to abide by those policies to access the platform. ICBU held the right to take enforcement actions against non-compliant sellers, including barring sellers from selling goods on Alibaba.com. ICBU maintained and periodically improved those policies throughout the Relevant Period.

5. During the Relevant Period, ICBU maintained a Rules Center, a centralized hub on which it published the various policies and penalty procedures which governed sellers and buyers using Alibaba.com. ICBU's rules expressly prohibited the use of Alibaba.com to sell and import pharmaceuticals that were non-compliant with U.S. Food and Drug Administration ("FDA") regulations. ICBU's listing policies also expressly prohibited the sale of pill presses and other illegal products. In addition, ICBU's policies and terms of use required all users to comply with the laws of the jurisdictions within which the users operated. Despite its policies to the contrary, ICBU failed to prevent some third-party sellers from circumventing controls and measures implemented by Alibaba.com and using Alibaba.com to sell and import goods into the United States that violated the Federal Food, Drug, and Cosmetic Act ("FDCA"), as well as other Drug, Device, and Importation Laws through Alibaba.com.

6. ICBU further offered proprietary, built-in messenger platforms that allowed real-time, private chat interactions, requests for price quotes, and management of orders by buyers and merchants. Some third-party merchants at times used ICBU's private messaging platform to discuss, among other things, the arrangement of shipments with U.S. buyers in a manner that would evade US customs laws or to provide buyers with contact information for encrypted messaging platforms unaffiliated with ICBU to evade restrictions imposed by the FDCA, as well as other Drug, Device, and Importation Laws. ICBU had the capability to monitor and moderate seller and buyer use of its own messaging platforms and implemented monitoring measures at some points during the Relevant Period, but those measures were not sufficient to prevent the product sales that gave rise to this Agreement. For example, the Alibaba Platforms generally did not penalize merchants unless they publicly posted prohibited goods on the platform.

7. During the Relevant Period, ICBU's systems, policies, and procedures failed to prevent the sale and importation of certain controlled substances, List I chemicals, List II chemicals, prescription drugs, active pharmaceutical ingredients, and pharmaceutical equipment by independent third-party sellers who were not qualified to distribute such products into the United States. Because of this, some third-party sellers used Alibaba.com to sell and import these products into the United States in violation of the FDCA, FDA regulations, and other Drug, Device, and Importation Laws and in violation of ICBU policies. However, since ICBU charged membership, marketing, advertising, shipping, and transaction processing fees to users of the Alibaba.com marketplace, ICBU derived some profit related to those sellers' illegal activities.

8. During the Relevant Period, similar sales also occurred on AliExpress' B2C platform. The transaction value of these sales tended to be lower, as AliExpress is a B2C platform (in contrast to Alibaba.com's B2B platform).

9. Through the Alibaba Platforms, the Government conducted over 40 undercover purchases of drugs and equipment that were illegal to be imported into the United States under the

FDCA as well as other Drug, Device, and Importation Laws. These products were ultimately shipped to the District of Rhode Island by third-party sellers.

10. At times, Alibaba employees raised concerns that the ICBU platform was used to sell improper products into the United States. The Alibaba employees also raised concerns that ICBU's compliance measures and filtering systems were inadequate to prevent the sale of the products that are the subject of this resolution to buyers in the United States. ICBU was not sufficiently reactive or proactive in following up on these concerns.

11. Approximately 80,000 product sales on the Alibaba Platforms took place during the Relevant Period and involved product sales from overseas countries to the United States that lacked the requisite approvals under the FDCA as well as other Drug, Device, and Importation Laws. The combined gross merchandise value of these transactions was greater than $200 million. The value of these transactions represents the prices charged by third-party merchants, and not revenues or profits received by the Alibaba Platforms. These funds are subject to civil forfeiture pursuant to Title 18, U.S. Code, Section 981(a)(1)(C) as property which constitutes or is derived from proceeds traceable to smuggling goods by independent third-party sellers in violation of Title 18, U.S. Code, Section 545.